Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CYNTHIA FAJARDO,<br><br>                        Plaintiff,<br><br>  vs.<br><br>PIERCE COUNTY, a political subdivision of the State of Washington; and PIERCE COUNTY SHERIFF'S DEPARTMENT, a department of Pierce County,<br><br>                       Defendants. | NO. C08-5136 RBL<br><br>STIPULATED PROTECTIVE ORDER |

THIS MATTER comes before the court upon the agreement of counsel. This stipulation incorporates the language of all prior protective order stipulations entered by the parties[1]. Additional materials/documents pertaining to Defendants' Response to Plaintiff's Ninth Discovery Requests and other changes in language are noted below in bold typeface. By their execution of this Stipulated Protective Order, the parties have agreed as follows:

      1.     All materials obtained from the personnel files of Paul Pastor, Richard Adamson, Peter Cropp, **and Rustin Wilder** from Pierce County and the Sheriff's Department

---

[1] Stipulated protective orders in this case were previously entered in state court. See Appendix A (January 19, 2007), Appendix B (August 27, 2007), Appendix C (November 6, 2007), and Appendix D (December 3, 2007).

1

during discovery in this lawsuit shall be kept confidential by the discovering party, provided that the party may disclose the documents to experts, consultants, and witnesses, as necessary, in order to prepare for trial of this matter.

2. All materials obtained by the discovering party concerning instances in which the County or Sheriff's Department has been notified of allegations of sexual harassment, gender discrimination, **retaliation, pay disputes**, and all materials pertaining to any resulting investigation, shall be kept confidential by the discovering party, provided that the party may disclose the documents to experts, consultants, and witnesses, as necessary, in order to prepare for trial of this matter.

3. All materials concerning Civil Service Examination test questions, scores, or rankings shall be kept confidential by the discovering party, provided that the party may disclose the documents to experts, consultants, and witnesses, as necessary, in order to prepare for trial in this matter.

4. All materials pertaining to the Internal Affairs Investigation of the Lakewood Special Operations Unit obtained during discovery in this lawsuit shall be kept confidential by the discovering party, provided that the party may disclose the documents to experts, consultants, and witnesses, as necessary, in order to prepare for trial of this matter.

5. All medical records and/or health care information of the Plaintiff, Cynthia Fajardo, obtained during discovery in this lawsuit shall be kept confidential by the discovering party, provided that the party may disclose the documents to experts, consultants, and witnesses, as necessary, in order to prepare for trial of this matter.

6. All financial records of the Plaintiff, Cynthia Fajardo, obtained during discovery in this lawsuit shall be kept confidential by the discovering party, provided that the

party may disclose the documents to experts, consultants, and witnesses, as necessary, in order to prepare for trial of this matter.

7. Pierce County shall redact confidential and private information from the documents it produces; i.e. social security numbers, residential addresses and phone numbers, confidential medical information, and dependent information.

8. If the **above-noted** documents are disclosed to nonparties, pursuant to paragraphs 1, 2, 3, **4, 5, or 6**, the nonparties shall be advised of the confidential nature of the documents and of the need to keep the documents and information contained therein confidential.

9. This order in no way affects the right of a party to use documents subject to this order at trial (including pretrial proceedings), or on appeal therefrom, provided that the appropriate evidentiary basis can be established.

10. At the conclusion of this litigation and any appeals therefrom, any and all copies of the documents shall be destroyed.

11. The parties agree that this order is entered without prejudice, and that at any time while this action is pending, any party may move the court for relief from this protective order and/or amendment of the terms of this order for good cause shown.

DATED this 26th day of May, 2009.

GERALD A. HORNE  
Prosecuting Attorney

BRESKIN, JOHNSON & TOWNSEND

/s/_____  
DONNA Y. MASUMOTO  
Deputy Prosecuting Attorney  
Attorney for Defendants  
WSBA #19700

/s/_____  
DAVID E. BRESKIN  
Attorney for Plaintiff  
WSBA #10607

## ORDER

The parties, having agreed to the terms of this Stipulated Protective Order, and the court finding the terms of this protective order to be reasonable and necessary for the just resolution of this litigation now, therefore,

IT IS HEREBY ORDERED that the parties adhere to the terms set forth above as if fully set forth herein.

DONE IN OPEN COURT this 29th day of May, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

| Presented by: | Approved as to Form, Notice of Presentation Waived: |
|---|---|
| GERALD A. HORNE<br>Prosecuting Attorney | BRESKIN, JOHNSON & TOWNSEND |
| /s/_____<br>DONNA Y. MASUMOTO<br>Deputy Prosecuting Attorney<br>Attorney for Defendants<br>WSBA #19700 | /s/_____<br>DAVID E. BRESKIN<br>Attorney for Plaintiff<br>WSBA #10607 |