HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CYNTHIA FAJARDO,

        Plaintiff,

v.

PIERCE COUNTY, a political subdivision of the State of Washington; and PIERCE COUNTY SHERIFF'S DEPARTMENT, a department of Pierce County,

        Defendants.

Case No. 3:08-cv-05136-RBL

ORDER REQUESTING RESPONSE TO MOTION FOR RECONSIDERATION

## *I. INTRODUCTION*

THIS MATTER is before the Court upon Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendants' Motion to Compel. For the reasons discussed below, the Court is inclined to grant the Motion in part. Under Local Rule CR 7(h), no motion for reconsideration will be granted unless an opposing party has been afforded the opportunity to file a response. Defendant is requested to file a response should it object to the Court's proposed resolution of the issue.

## *II. DISCUSSION*

**A. Background**

Plaintiff seeks Reconsideration [Dkt. #45] of the Court's June 19, 2009 Order [Dkt. # 44] compelling Plaintiff to disclose the "Case Chronology and Back up Documents for same," which Plaintiff's expert, Chief Harrington, lists as a document reviewed in her expert report. In Granting the Defendant's Motion to Compel, this Court held that all documents, communication and correspondence between Plaintiff and Harrington that was deemed to have been considered by Plaintiff's expert was discoverable. [Dkt. # 44 at 4].

Plaintiff contends that two versions of the "Case Chronology and Back up Documents" were originally created by Plaintiff's counsel, and that the wrong version was mistakenly given to Harrington. Plaintiff intended to share the "expert's chronology" (hereafter "Chronology #1"), which did not contain any references to attorney strategy and thought processes. However, the "work product chronology" (hereafter "Chronology #2"), which does contain attorney thoughts and impressions was mistakenly sent to Harrington instead. [Dkt. #46 at 2]. Defendant's Motion to Compel production of the Chronology was granted by this Court because the Chronology had been reviewed and apparently relied upon by Plaintiff's expert. Plaintiff contends that production is not warranted because inadvertent disclosure does not constitute a wavier of work product protection, the production was likely not relied on by Harrington, and the result would ultimately be unfair.

Plaintiff argues that the Court's determination of Plaintiff's failure to properly assert work product protection over Chronology #2 is based on factual inaccuracies. Plaintiff contends, contrary to the Court's determination, that she timely and properly objected on work product grounds to the Defendant's Motion to Compel production of Chronology #2, and that the Motion should not have been granted as to this document. [Dkt. #45 at 1-2]. Plaintiff has also submitted Chronology #2 for *in camera* review by this Court [Dkt. # 46-2, Ex. #1]. The Court has reviewed both Chronologies and the accompanying declarations.

**C. Standard of Review**

The Court adopts the following standard of review for motions for reconsideration pursuant to Local Rule 7(h)(1).

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of *manifest error* in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.
> CR. 7(h)(1), Local Rules W.D. Wash.

**D. Whether Plaintiff Timely and Properly Objected to Production of Work Product Material is Irrelevant**

Plaintiff argues, allegedly contrary to this Court's findings, that: (1) Plaintiff did specifically

object to production of its work product chronology; and (2) that Plaintiff's counsel was not alerted that the wrong work-product chronology had been produced to Plaintiff's expert, Chief Harrington, until May 15th and thus could not have properly objected thereto until this date [Dkt.# 45 at 4-5].

This Court, in its Order Granting Defendant's Motion to Compel, specifically stated that:

> It is irrelevant whether the documents were inadvertently sent or asserted as privileged or protected work product. All documents, communication and correspondence between Plaintiff and her expert that are deemed to have been considered by the expert, are discoverable. [Dkt. #44 at 4].

The Court also adopted the reasoning that "all communications between counsel and a retained testifying expert [are discoverable], even if those communications contain the attorney's mental impressions or trial strategy or is otherwise protected by the work product privilege." *TV-3 Inc. V. Royal Ins. Co. Of America*, 193 F.R.D. 490, 491 (S.D. Miss. 2000). [Dkt. #44].[1] This is especially true where the material is *considered* by a testifying expert. *B.C.F. Oil Refining v. Consol. Edison Co. of N.Y.*, 171 F.R.D. 57, 62-68 (S.D.N.Y. 1997). As such, a determination of whether or not Plaintiff failed to specifically or timely object to the production of Chronology #2 on work product grounds was not necessary to the Court's decision granting Defendant's Motion to Compel. [Dkt.# 45 at 3].

**E. Plaintiff's Chronology #2 is Discoverable with the Exception of All the Information Contained in the Chronology's Column Titled: "Source"**

Having considered and compared the contents of Chronology #1 and #2, Chronology #2 should be disclosed, but all information contained in the "Source" Column of Chronology #2 should be redacted, without exception, prior to production. This strikes a fair balance between Plaintiff's work product rights and Defendant's right to discover all documents and oral communications reviewed by Plaintiff's expert in connection with the formulation of her opinion. It is unlikely that Plaintiff's expert would have found the "Source" column information at all relevant and considered it in the formulation of her opinion.

---

[1] As previously stated in the Order to Compel [Dkt. # 44], the *TV-3* Court provides a long list of cases from other jurisdictions that have come to the same conclusion:"*Karn v. Rand*, 168 F.R.D. 633, 635 (N.D.Ind.1996) (the expert disclosure requirements of 26(a)(2) "'trump' any assertion of work product or privilege");; . . . *Musselman v. Phillips*, 176 F.R.D. 194, 202 (D.Md.1997) ("[W]hen an attorney furnishes work product-either factual or containing the attorney's impressions-to [a testifying expert witness], an opposing party is entitled to discovery of such a communication")" *Id*. at 492.

### *III. Conclusion*

This is the Court's provisional ruling, barring a persuasive response by Defendant. Defendant shall file a response, if desired, by July 29, 2009. Absent such a filing, the Court will order production of Chronology #2 consistent with the reasoning above.

IT IS SO ORDERED.

Dated this 22nd of July, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE